HONORABLE DAVID W. CHRISTEL

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER PRATT,<br><br>    Plaintiff,<br><br>v.<br><br>ALASKA AIRLINES, INC.,<br><br>    Defendant. | Case No. 2:21-cv-00084-DWC<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER OF REMAND**<br><br>*(Oral Argument Requested)* |

Defendant Alaska Airlines, Inc. ("Defendant" or "Alaska Airlines") opposes Plaintiff's Motion for Order of Remand ("Motion") and states as follows:

**INTRODUCTION**

Alaska Airlines properly removed this case based on diversity jurisdiction. Alaska Airlines, a citizen of Alaska and Washington, removed this action before Plaintiff, a citizen of California, "properly joined and served" Alaska Airlines as a defendant—commonly referred to as a "snap removal." Snap removal is appropriate under the plain language of the applicable removal statutes and has been approved by every Circuit Court of Appeals that has addressed the issue, along with numerous district courts within the Ninth Circuit and around the country. Plaintiff's motion ignores that dominant line of case law, relying instead on a handful of district

OPPOSITION TO MOTION TO REMAND - 1

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

court decisions—some of which are no longer good law—that were wrongly decided and inconsistent with the statute's plain meaning. The Court, therefore, should deny Plaintiff's Motion.

## PROCEDURAL BACKGROUND

On January 21, 2021, Plaintiff, a citizen of California [Dkt. 1-1, ¶ 1.1], filed suit against Alaska Airlines in King County Superior Court.[1] The Complaint alleges two state-law claims: (1) wrongful termination in violation of public policy; and (2) retaliation in violation of RCW 49.60.

On January 22, 2021, Alaska Airlines, a citizen of Alaska and Washington [Dkt. 1, 7:10-18], removed this case based on diversity jurisdiction. [Dkt. 1.] Alaska Airlines removed the case before Plaintiff served it with the Summons and Complaint. [Dkt. 1, 9:1-2.]

On February 22, 2021, Plaintiff moved to remand the case to state court. [Dkt. 19.] As of the date of this filing, Plaintiff has not served Alaska Airlines with the Summons and Complaint. *See* Laura Crisp March 22, 2021 Declaration at ¶ 2, attached as Exhibit 1.

## ARGUMENT

**A.  An unserved forum defendant may remove a case to federal court based on diversity jurisdiction.**

District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). The federal removal

---

[1] While the Motion [Dkt. 19 at 1:22] requests that this Court remand Plaintiff's Complaint to the Pierce County Superior Court, Alaska Airlines assumes that Plaintiff seeks remand to the King County Superior Court, where Plaintiff originally filed the Complaint. [Dkt. 1.]

OPPOSITION TO MOTION TO REMAND - 2

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

68576770v.1

jurisdiction statutes make clear that only Congress may limit a defendant's ability to remove pursuant to 28 U.S.C. § 1332(a)(1):

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a); *see also* 28 U.S.C. §§ 1442-1455. In other words, under 28 U.S.C. §§ 1332(a)(1) and 1441(a), if plaintiff is a citizen of one state, defendant is a citizen of another state, and the amount in controversy is met, defendant may remove to a district court unless Congress otherwise limits removal. This is a jurisdictional rule under the plain language of 28 U.S.C. §§ 1332(a)(1), 1441(a).

Congress did expressly create one such limitation on diversity removal, known as the "forum defendant rule," which provides:

> [a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest ***properly joined and served as*** defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2) (emphasis added). Unlike 28 U.S.C. §§ 1332(a)(1) and 1441(a), the forum defendant rule is procedural—not jurisdictional. *See Encompass Ins. Co. v. Stone Mansion Restaurant Incorp.*, 902 F.3d 147, 152 (3d Cir. 2018).

"It is well settled that the starting point for interpreting a statute is the language of the statute itself." *Pacific Coast Fed'n of Fishermen's Associations v. Glaser*, 945 F.3d 1076, 1083 (9th Cir. 2019); *Floyd v. Am. Honda Motor Co.*, 966 F.3d 1027, 1034 (9th Cir. 2020) ("If the language has a plain meaning or is unambiguous, the statutory interpretation inquiry ends

OPPOSITION TO MOTION TO REMAND - 3

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

68576770v.1

there."). Applying the plain language of 28 U.S.C. § 1441(b)(2), the forum defendant rule applies only when a forum defendant has been "***properly joined and served***." (Emphasis added.)

Every Circuit Court of Appeals that has analyzed the statutory language has reached this conclusion. In *Encompass*, the Third Circuit held that the "language of the forum defendant rule in section 1441(b)(2) is unambiguous . . . and [w]here the text of a statute is unambiguous, the statute should be enforced as written and only the most extraordinary showing of contrary intentions in the legislative history will justify a departure from that language." 902 F.3d at 152. Similarly, in *Gibbons v. Bristol-Myers Squibb Co.*, the Second Circuit held that Section 1441(b)(2) "[b]y its text" does not apply "until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action." 919 F.3d 699, 705 (2nd Cir. 2019). The Fifth Circuit recently reached the same conclusion in *Texas Brine Co. LLC v. Am. Arbitration Ass'n. Inc.*, 955 F.3d 482, 486 (5th Cir. 2020) (plain meaning of the statute permits a forum defendant's removal until plaintiff has properly joined and served defendant). In addition, the Sixth and Eleventh Circuits have also suggested that snap removal is proper. *See Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014) (assuming arguendo that snap removal was appropriate); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) ("[I]nclusion of an unserved resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)").

The Circuit Courts have reached this conclusion despite the fact that the courts narrowly read the federal removal statutes to disfavor jurisdiction. This is because courts must adhere to the plain language of the forum defendant rule. As the Fifth Circuit reasoned, "It is true . . . that

OPPOSITION TO MOTION TO REMAND - 4

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

68576770v.1

we strictly construe the removal statutes and favor remand. . . . Here, though we do not have 'any doubt about the propriety of removal' because, as discussed, the text [of the forum defendant rule] is unambiguous." *Texas Brine*, 955 F.3d at 487 (citing and quoting *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007)).

Numerous district courts also have held that the forum defendant rule applies and limits a forum defendant's ability to remove only where the plaintiff has "properly joined and served" the forum defendant. *See, e.g., Global Indus. Investment Ltd. v. Chung*, 2020 WL 2027374, *2 (N.D. Cal. April 28, 2020), *citing Monfort v. Adomani, Inc.*, 2019 WL 131842 at *3 (N.D. Cal. Jan. 8, 2019) (a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim); *Loewen v. McDonnell*, 2019 WL 2364413, at *7 (N.D. Cal. June 5, 2019) ("[T]he Northern District of California has consistently held a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim." (quotation marks omitted and collecting cases)); *Amato v. Holladay Bank and Trust*, 2020 WL 4814254, *2 (D. Ariz. August 18, 2020) (unserved defendant may remove action on the basis of diversity jurisdiction, even if the defendant is a citizen of the state in which such action is brought); *Castro v. Colgate-Palmolive Co.*, 2020 WL 2059741, at *4 (W.D.N.Y. Apr. 29, 2020), report and recommendation adopted, 2020 WL 2933861 (W.D.N.Y. June 3, 2020) (same); *Blankenship v. Napolitano*, 2019 WL 3226909, at *4 (S.D.W. Va. July 17, 2019) (same); *Campillo v. Antaki*, 2019 WL 3935990, at *1 (D.N.J. Aug. 20, 2019) (concluding that, in accordance with *Encompass*, "effective service under state law was not accomplished before the notice of removal was filed, so the 'snap removal' exception to the forum-defendant limitation applied");

OPPOSITION TO MOTION TO REMAND - 5

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

68576770v.1

*Breitweiser v. Chesapeake Energy Corp.*, 2015 WL 6322625, at *5 (N.D. Tex. Oct. 20, 2015) ("Plain language clearly dictates that the Court deny remand. Denying remand does not reach an absurd or unreasonable result").

While the Ninth Circuit has not ruled on this issue, a growing majority of courts have concluded, consistent with the plain language of the statute, that the forum defendant rule does not prohibit removal based on diversity jurisdiction where no forum defendant has been properly joined and served.  This Court should conclude the same.

### B. Applying the plain language of the forum defendant rule is not irrational and is not inconsistent with the rule's purpose.

Plaintiff relies on a narrow exception to the plain meaning rule that applies only where the plain meaning produces an absurd result. *See Lamie v. United States Tr.*, 540 U.S. 526, 534 (2004) ("[T]he sole function of the courts—at least where the disposition required by the te[x]t is not absurd—is to enforce it according to its terms."); *see also Encompass*, 902 F.3d at 152.  That limited exception, which numerous courts have rejected in examining the propriety of snap removal, applies only where the language "defies rationality or renders the statute nonsensical and superfluous." *Encompass*, 902 F.3d at 152.  Alaska Airlines' reading is rational for the reasons explained above in Argument Section A, *supra*.  Its reading also does not render the forum defendant rule nonsensical or superfluous.

Congress amended and added the phrase "properly joined and served" to the forum defendant rule as a "bright-line rule" to address a specific problem—a plaintiff fraudulently joining a forum defendant to avoid original jurisdiction on diversity grounds. *Id.* at 153. Permitting a single unserved forum defendant to remove a case based on diversity jurisdiction does not contravene this purpose.  As the Third Circuit explained:

OPPOSITION TO MOTION TO REMAND - 6

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

68576770v.1

> Our interpretation does not defy rationality or render the statute nonsensical or superfluous, because: (1) it abides by the plain meaning of the text; (2) it envisions a broader right of removal only in the narrow circumstances where a defendant is aware of an action prior to service of process with sufficient time to initiate removal; and (3) it protects the statute's goal without rendering any of the language unnecessary.

*Id.* "[W]hile it might seem anomalous to permit a defendant sued in its home state to remove a diversity action," this practice "'does not contravene' Congress's intent to combat fraudulent joinder." *Glob. Indus.*, 2020 WL 2027374 at *2–3 (N.D. Cal. Apr. 28, 2020) (quoting Gibbons at 706 (citation omitted)).

The few cases Plaintiff cites from the District of Nevada fail to follow this canon of statutory interpretation. The court in these cases mistakenly interprets the statute as it believes would "better serve[]" the alleged underlying purposes of the forum defendant rule and not by reading the plain language as it is written. Determining which statutory procedure best serves litigants, however, "is for Congress and not for the judiciary." *Castro*, 2020 WL 2059741, at *4.

### C. Plaintiff's Motion cites overruled case law and ignores appellate decisions holding that an unserved forum defendant's removal on the basis of diversity jurisdiction is proper.

Without any support in the statutory language, Plaintiff relies on district court cases that held snap removal to be impermissible. Those cases were wrongly decided and, in some cases, are no longer good law.

As an initial matter, Plaintiff mistakenly cites to two cases that federal courts have overruled. The Fifth Circuit overruled *Smethers v. Bell Helicopter Textron Inc*., at *1–2 (S.D. Tex. Apr. 3, 2017), in *Texas Brine*, 955 F.3d at 486. The Third Circuit likewise overruled *Sullivan v. Novartis Pharm. Corp*., 575 F. Supp. 2d 640, 643–44 (D.N.J. 2008), in *Gibbons*, 919 F.3d at 705.

OPPOSITION TO MOTION TO REMAND - 7

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

68576770v.1

Beyond these overruled cases, Plaintiff cites to non-binding district court decisions that disagreed with the plain language of the federal removal statutes and forum defendant rule. *See Deutsche Bank Trust Co. v. Fid. Nat'l Title Group*, 2021 WL 493410 (D. Nev. Feb. 10, 2021); *U.S. Bank Trustee Nat'l Ass'n v. Fidelity Nat'l Title Group*, 2021 WL 223384 (D. Nev. Jan. 22, 2021); *United States Bank v. Carrington Mortg. Servs.*, 2020 WL 3892786 (D. Nev. Jul. 10, 2020); *Wells Fargo Bank v. Fid. Nat'l Title Group*, 2020 U.S. Dist. LEXIS 235986, *9 (D. Nev. Dec. 15, 2020); *Gentile v. Biogen Idec, Inc.*, 934 F.Supp.2d 313, 322-323 (D. Mass. 2013); *Hawkins v. Cottrell, Inc.*, 785 F.Supp.2d 1361, 1369 (N.D. Ga. 2011); *Standing v. Watson Pharmaceuticals, Inc.*, 2009 WL 842211 (C.D. Cal. 2009).[2]

These courts interpret the forum defendant rule incorrectly by ignoring the plain, unambiguous language of 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1441(b)(2) and assume that plaintiff needs to serve a defendant for removal jurisdiction to attach. Such an assumption is not premised on the clear language of the applicable statutes. As the Second, Third, and Fifth Circuits have held, original jurisdiction attaches prior to service under the plain language of 28 U.S.C. §§ 1332(a)(1) ("The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States . . . ") and 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ."), and the forum defendant rule in 28 U.S.C. §§ 1441(b)(2) procedurally limits this original jurisdiction rule only

---

[2] Plaintiff further cites to the following cases, none of which address the snap removal procedure: *Crocket v. R.J. Reynolds Tobacco C*o. 436 F.3d 529 (5th Cir. 2006); *Coury v. Pro*t, 85 F.3d 244 (5th Cir. 1996).

OPPOSITION TO MOTION TO REMAND - 8

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

68576770v.1

where a forum defendant rule has been "properly joined and served." *See Encompass*, 902 F.3d at 152; *Gibbons*, 919 F.3d at 705; *Texas Brine*, 955 F.3d at 486.

No more compelling is Plaintiff's citation to this Court's *dicta* in *Breuer v. Weyerhaeuser NR Co.*, 2020 WL 4260948 (W.D. Wash. Jul. 24, 2020). While the Court referenced "snap removal" and noted there were differing opinions on the propriety of snap removals, neither this Court nor the Ninth Circuit has decided whether an unserved forum defendant may remove a case based on diversity jurisdiction. Furthermore, while the *Breuer* decision stated that allowing "snap removal" was a minority view, that statement was based only on a law review article written before recent Circuit Courts of Appeals decisions finding that "snap removal" is proper under the removal statutes.

Plaintiff's citations to overruled decisions and his failure to mention the myriad recent decisions, including Circuit Court decisions, approving the snap removal procedure is telling. Alaska Airlines clearly "availed itself of the plain meaning of the statute, for which there is precedential support." *Encompass Ins.*, 902 F.3d at 152. Its removal was, therefore, proper.

**D.    Plaintiff's public policy arguments are both irrelevant and unfounded.**

Plaintiff contends that allowing snap removal would promote "docket trolls with a quick finger on the trigger of removal" and "forum manipulation," and undermine "a plaintiff's choice of a state court forum when suing a proper forum defendant." [Dkt. 19, 5:26-6:2, 6:18-23.] That argument fails for the following reasons.

First, Plaintiff's belief that snap removal will result in bad policy is no basis for ignoring the plain text of a statute. *Lamie*, 540 U.S. at 534 ("[T]he sole function of the courts—at least where the disposition required by the te[x]t is not absurd—is to enforce it according to its

OPPOSITION TO MOTION TO REMAND - 9

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

68576770v.1

terms."); *see also Encompass*, 902 F.3d at 152; *Gibbons*, 919 F.3d at 705-06 (A "statute is not absurd merely because it produces results that a court or litigant finds anomalous or perhaps unwise. To the contrary, courts should look beyond a statute's text under the canon against absurdity only where the result of applying the plain language would be, in a genuine sense, absurd") (internal citations omitted)). The judiciary's function is to interpret and apply the statute as written, not to second guess the policy judgments of Congress. *See Eldred v. Ashcroft*, 537 U.S. 186, 222 (2003) ("The wisdom of Congress' action, however, is not within our province to second-guess.").

Second, "Congress declined to amend the statute's 'joined and served' language despite 'dramatically overhauling' the removal statute in 2011." *Breitweiser*, 2015 WL 6322625, at *5; *see* Federal Court Jurisdiction and Venue Clarification Act of 2011 (FCJVCA), Pub. L. No. 112–63, 125 Stat. 758. While "[r]easonable minds might conclude that the procedural result demonstrates a need for a change in the law," it is for "Congress—not the Judiciary—[to] act." *Encompass Ins.*, 902 F.3d at 152. Congress could have revised the language to avoid snap removals—especially in light of the ongoing debate at the time as to whether snap removals should be allowed—but chose not to do so. Courts should respect Congress' decision to leave the unambiguous language permitting snap removals in the federal removal statutes. *See Eldred*, 537 U.S. at 222.

Third, Plaintiff's policy argument is even less availing in Washington. He ignores the fact that Washington's Civil Rules protect against the risk of snap removal. Washington Superior Court Civil Rule 3 provides:

> [A] civil action is commenced by service of a copy of a summons together with a copy of complaint . . . ***or*** by filing a complaint.

OPPOSITION TO MOTION TO REMAND - 10

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

68576770v.1

Wash. Super. Ct. Civ. R. 3 (emphasis added).  Under King County's rules, Plaintiff could have guaranteed his choice of a state court forum by simply serving Alaska Airlines with the Summons and Complaint before filing in King County Superior Court.  In other words, plaintiffs who prefer to be in Washington state courts have a guaranteed way to avoid the purported "docket trolls" and alleged "forum manipulation."  Ignoring the plain language of the removal statutes is simply unnecessary to effectuate Plaintiff's stated policy preferences.

## CONCLUSION

For the foregoing reasons, Alaska Airlines requests that this Court determine that its removal based on diversity jurisdiction is proper, and that this Court deny Plaintiff's Motion.

DATED: March 22, 2021              SEYFARTH SHAW LLP

By *s/ Molly Gabel*
Molly Gabel, WSBA 47023
Seyfarth Shaw LLP
999 Third Avenue, Suite 4700
Seattle, WA 98104
P: (206) 946-4910
F: (206) 946-4901
mgabel@seyfarth.com

Danielle Kays, *pro hac vice*
Seyfarth Shaw LLP
223 South Wacker Drive, Suite 8000
Chicago, IL 60606
P: (312) 460-5000
F: (312-460-7000
dkays@seyfarth.com

*Attorneys for Defendant Alaska Airlines, Inc.*

OPPOSITION TO MOTION TO REMAND - 11

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

68576770v.1

**CERTIFICATE OF SERVICE**

I hereby declare that on this 22nd day of March, 2021, I caused a copy of **Defendant's Opposition to Motion to Plaintiff's Remand** to be electronically filed with the Court using its e-filing system which will send notification of such filing to the following:

Vera P. Fomina
Damien N. Villarreal
Gregory Skidmore
Skidmore Fomina, PLLC
1001 Fourth Avenue, Suite 4400
Seattle, WA 98154
P: (206) 389-1690
vformina@skidmorefomina.com
dvillarreal@skidmorefomina.com
gskidmore@skidmorefomina.com

DATED this 22nd day of March, 2021.

*s/ Mendy Graves*
Mendy Graves

OPPOSITION TO MOTION TO REMAND - 12

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA  98104-4041
(206) 946-4910

68576770v.1