**VACATED PER ORDER #31**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER PRATT,

    Plaintiff,

v.

ALASKA AIRLINES, INC.,

    Defendant.

CASE NO. 2:21-CV-84-DWC

ORDER REMANDING TO STATE COURT

This matter comes before the Court on Plaintiffs' Motion to Remand this case to state court. Dkt. 19. Defendant objects. Dkt. 24. For the reasons discussed below the Court grants Plaintiff's motion.

BACKGROUND

Plaintiff, Christopher Pratt (Plaintiff), is a former employee of Defendant Alaska Airlines (Defendant). Plaintiff is a resident of California, and Defendant is a resident of both Washington and Alaska. Dkt. 1-1; Dkt. 2 at 2.

On January 20, 2021, Plaintiff filed a Complaint with the King County Superior Court in Seattle alleging two state-law claims: (1) wrongful termination in violation of public policy; and,

ORDER REMANDING TO STATE COURT - 1

(2) retaliation in violation of RCW 49.60. Dkt. 1-1. The case was assigned case number 21-2-00905-7 SEA. Dkt. 10. Two days later, on January 22, 2021, Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 128(b). Dkt. 1. At the time Defendant filed the notice of removal no service had occurred on Defendant, nor had Defendant waived service and voluntarily appeared in the state court action. Dkt. 2 at 1.

On February 22, 2021, Plaintiff filed the instant Motion to Remand. Dkt. 19. On March 22, 2021, Defendant filed a response in opposition. Dkt. 24. On March 26, 2021, Plaintiff filed a reply. Dkt. 26.

## STANDARDS

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Accordingly, there is a strong presumption against removal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Under the removal statute, a defendant may remove any civil action over which the federal district court has original jurisdiction. 28 U.S.C. § 1441(a).

Once a defendant receives "a copy of an amended pleading, motion, order or other paper from which it can determine that the case is removable," the defendant has thirty days to file a notice of removal. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (quoting 28 U.S.C. § 1446(b)(2)).

A plaintiff can challenge removal with a motion to remand. 28 U.S.C. § 1447(c). When removal is based on diversity jurisdiction, the removing defendant must show by a preponderance of the evidence that there is complete diversity and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The court will resolve all ambiguities in favor of remand. *Hunter*, 582 F.3d at 1042.

Under the Forum Defendant Rule a diversity case cannot be removed if "any of the parties in interest properly joined and served as defendants is a citizen of the [s]tate in which such action is brought." 28 U.S.C. § 1441(b)(2)[1]; *see also Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). Plus, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

DISCUSSION

The issue presented by this case is whether "snap removal," where a defendant removes a case to federal court before any defendant has been properly served, contravenes the Forum Defendant Rule, which confines removal on the basis of diversity jurisdiction[2] to instances where no defendant is a citizen of the forum state.

Plaintiff urges the view that a defendant who is a citizen of the forum state (such as here, where Defendant is a citizen of Washington) should be prohibited from removing on the basis of diversity jurisdiction, before service is perfected, just as that defendant is prohibited from removing post-service. Dkt. 19 at 3, 5. According to Plaintiff, "snap removal" frustrates the removal statute's purpose "of preserving a plaintiff's choice of a state court forum when suing a proper forum defendant." *Id.* at 5-6.

Defendant does not dispute the relevance of the Forum Defendant Rule, but maintains it does not apply in this case because no defendant has been "properly joined and served." Dkt. 24

---

[1] Section 1441(b)(2), also known as the Forum Defendant Rule, reads is full: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See Infuturia Global Ltd. v. Sequus Pharms., Inc.*, 631 F.3d 1133, 1137 (9th Cir. 2011) (referring to this rule as the "forum defendant rule").

[2] Diversity jurisdiction exists if no plaintiff is a citizen of the same state as any defendant, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

VACATED PER ORDER #31

at 4. Defendant argues the rule's only function pre-service is to prevent a plaintiff from fraudulently joining a resident defendant in order to defeat diversity. Dkt 24 at 4, 6-7. Defendant urges this court to apply a purely textual treatment to the language of 28 U.S.C. § 1441(b), and leave it to Congress to make changes should it so choose. Dkt. 24 at 7.

Though there is no binding precedent from the Supreme Court or the Ninth Circuit, this Court is far from the first to consider this issue, as The Honorable James L. Robart recently noted. *See Breuer v. Weyerhaeuser NR Company*, NO. 20-0479-JLR, 2020 WL 4260948 (W.D. Wash. July 24, 2020). In *Breuer*, Plaintiff filed suit against Weyerhaeuser—a Washington corporation—in King County Superior Court, alleging violations of the Washington Products Liability Act, RCW 7.72 *et seq*. *Id*. at *1. Plaintiffs' counsel then emailed Weyerhaeuser's counsel asking if it would accept service (and enclosing a copy of the complaint and summons). *Id*. Instead of accepting service, Weyerhaeuser's counsel filed a notice of removal the next day. *Id*. Plaintiff moved to remand, but quickly withdrew that motion and filed a motion to voluntarily dismiss the case with the intent to refile in state court. *Id*. As Plaintiff notes, the case at bar trekked a similar procedural path. Dkt. 26 at 5.

Although Judge Robart did not enter an order on the motion for remand, he had occasion to consider the practice of "snap removal" because Weyerhaeuser argued Plaintiff's pivot to a motion to dismiss was an attempt to "avoid a near-certain adverse ruling" on its withdrawn motion to remand. *Id*. at *4.

Judge Robart wrote:

> Snap removal is a controversial procedure and its compliance with the removal statute, 28 U.S.C. § 1441, is questionable. *See Schachmurove*, supra, at 214. Moreover, Weyerhaeuser's position appears to be the minority view among the courts that have ruled on the matter. *See id*. at 207 ("At present, an apparent majority prohibits this pre-service removal tactic in the face of tenacious protests by a passionate minority."); *see also Hawkins v. Cottrell, Inc.,* 785 F. Supp. 2d

[VACATED PER ORDER #31]

1361, 1378 (N.D. Ga. 2011) ("The 1948 changes to the removal statute were ... not intended to allow a forum defendant who had not been served to remove an action."); *but see Colo. Seasons, Inc. v. Friedenthal*, No. LA CV 19-09050 JAK (FFMx), 2020 U.S. Dist. LEXIS 84645, *8 (C.D. Cal. May 13, 2020) ("Permitting snap removal does not necessarily cause an absurd result. Nor is it contrary to the clearly expressed intent of Congress."). Thus, Weyerhaeuser's contention that "[g]ranting this motion will undermine the authority [it] cited in its opposition to the motion for remand" is unconvincing and, more importantly, fails to establish any plain legal prejudice.

*Id*. at *4 (footnote omitted).

Defendant argues that Judge Robart's "dicta" actually reflects an outdated analysis "based only on a law review article written before recent circuit courts of appeals decisions finding that 'snap removal' is proper under the removal statutes."[6] In fact, this law review article—published in February 2019—provides a comprehensive collection and discussion of relevant case law, including at least one of the cases Defendant relies on. *See* Amir Schachmurove, Making Sense of the Resident Defendant Rule, 52 U.C. Davis L. Rev. Online 203 (2019). The article correctly states that Defendant's position is the minority view, with the majority of courts finding "snap removal" untenable. It explains, in part:

> In accordance with the denotation likely to be found in any authoritative dictionary,[7] the use of "any" in § 1441(b)(2) implies the existence of at least one defendant that is a party in interest and that has been properly joined and served;[8]

---

[6] Dkt. 24 at 9 (citing *Encompass Ins. Co. v. Stone Mansion Restaurant Incorp*., 902 F.3d 147, 152 (3rd Cir. 2018)(finding the "language of the forum defendant rule in section 1441(b)(2) is unambiguous . . . and [w]here the text of a statute is unambiguous, the statute should be enforced as written and only the most extraordinary showing of contrary intentions in the legislative history will justify a departure from that language."); *Gibbons v. Bristol-Myers Squibb Co*., 919 F.3d 699, 705 (2nd Cir. 2019)(Section 1441(b)(2) "[b]y its text" does not apply "until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action." ); and *Texas Brine Co. LLC v. Am. Arbitration Ass'n. Inc.,* 955 F.3d 482, 486 (5th Cir. 2020) (holding that the plain meaning of the statute permits a forum defendant's removal until plaintiff has properly joined and served defendant)).

[7] Any, OXFORD DICTIONARY OF ENGLISH (3d ed. 2010).

[8] *Hawkins v. Cottrell, Inc*., 785 F. Supp. 2d 1361, 1369-73 (N.D. Ga. 2011); *see also, e.g., Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.,* 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003) (remanding case that out-of-state defendant had sought to remove based on diversity because forum defendant had already been served at the time of

this adjective's predecessor — the pronoun "none" — insinuated the same. Logically, "[w]ithout this precondition for removal," the utilization of either "any" or "none" would be "superfluous."[9] Textually, therefore, § 1441 suspends operation of the Home State Defendant Rule until appropriate joinder and service on at least one resident defendant has taken place by virtue of its reliance on the indefinite pronoun "any."[10] Until that explicitly designated action's first consummation, however, § 1441(b)'s unadorned text "allows removal by a non-forum defendant prior to service on a forum defendant,"[11] and cannot proscribe "removal even by a forum defendant prior to service."[12] Accordingly, so long as no defendant has been served at the time of removal, the Resident Defendant Rule is irrelevant — or so some within the majority asseverate.[13]

*Id*. at 218-19 (footnotes re-numbered); *see also Deutsche Bank Trust Co. v. Fid. Nat'l Title Group*, Case No. 2:20-CV-2220 JCM (EJY), 2021 WL 493410, at *3 (D. Nev. February 10, 2021)(finding that Section 1441(b)'s use of the word "any" in "any parties in interest properly

---

removal); *Ott v. Consol. Freightways Corp. of Del.*, 213 F. Supp. 2d 662, 665-67 (S.D. Miss. 2002) (allowing out-of-state defendant to remove action because forum defendant had not been served at the time of removal).

[9] *Gentile v. BioGen IDEC, Inc.*, 934 F. Supp. 2d 313, 317 (D. Mass. 2013).

[10] *See, e.g., Valido-Shade v. Wyeth, LLC (In re Diet Drugs)*, 875 F. Supp. 2d 474, 477-78 (E.D. Pa. 2012) (observing that this language "was designed to allow removal where a plaintiff simply named an in-state defendant to preclude removal and had no intention of serving or pursuing that defendant in the lawsuit"); *Carrs v. AVCO Corp.*, No. 3:11-CV-3423-L, 2012 U.S. Dist. LEXIS 74562, at *5-6 (N.D. Tex. May 30, 2012)("[T]he provision simply means that a case cannot be removed to federal court if any party in interest is properly joined and served as a defendant, and that defendant is a citizen of the state in which the lawsuit is brought."); *Regal Stone Ltd. v. Longs Drug Stores Cal., LLC*, 881 F. Supp. 2d 1123, 1126 (N.D. Cal. 2012) ("[T]he clear and unambiguous language of the statute only prohibits removal after a properly joined forum defendant has been served."); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1219 (D. Haw. 2010) (rejecting application of rule in a case in which an out-of-state defendant removed an action filed by a plaintiff who could have served the properly joined in-state defendant immediately after filing the complaint but chose not to do so).

[11] *Gentile*, 934 F. Supp. 2d at 317; *see also Ripley v. Eon Labs, Inc.*, 622 F. Supp. 2d 137, 141-42 (D.N.J. 2007) (finding that the plain language of § 1441(b) did not bar the defendants' removal in this case because, at the time that the action was removed, they had not yet been "properly joined and served").

[12] *Gentile*, 934 F. Supp. 2d at 317; *see also, e.g., Munchel v. Wyeth LLC*, No. 12-906-LPS, 2012 U.S. Dist. LEXIS 128971, at *9-14 (D. Del. Sept. 11, 2012) (setting forth the reasons for favoring this reading); *Khashan v. Ghasemi*, CV10-00543MMM(CWX), 2010 U.S. Dist. LEXIS 35772, at *7-14 (C.D. Cal. Apr. 5, 2010)(concluding that § 1441(b) is not implicated where the non-forum defendant (or forum defendant) seeks to remove the action prior to the service of any defendant).

[13] *Oxendine v. Merck & Co.*, 236 F. Supp. 2d 517, 524 (D. Md. 2002) (citing, as examples, *Wensil v. E.I. Du Pont De Nemours & Co.*, 792 F. Supp. 447, 448 (D.S.C.1992); *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001); *In re Bridgestone/Firestone, Inc.*, 184 F. Supp. 2d 826, 828 (S.D. Ind. 2002)).

VACATED PER ORDER #31

joined and served" necessarily means "that the [removal] statute assumes at least one party has been served"); *U.S. Bank Trustee National Assoc. v. Fid. Nat'l Title Group*, Case No. 2:20-CV-2068 JCM (VCF), 2021 WL 223384, at *3 (D. Nev. January 22, 2021)(same).

This approach is consistent with Supreme Court guidance on statutory interpretation, generally, which cautions against interpreting statutory text in a "vacuum," in favor of a "holistic" approach that includes "context, along with purpose and history." *Gundy v. United States*, 139 S. Ct. 2116, 2126 (2019) (citing *United Sav. Assn. of Tex. v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 371 (1988)).

For the reasons explained above, this Court finds the meaning of the text of Section 1441(b)(2)[14] is clear and unambiguous. The word "any" in "any parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought," means at least one defendant must have been properly served before an out-of-state defendant can remove a state court case to federal court on the basis of diversity jurisdiction. This also means "snap removal" is not consistent with the text, history, and purpose of the Forum Defendant Rule.

The purpose of the Forum Defendant Rule was to prevent in-state defendants from removing state court cases to federal court because, at least in theory, they are not vulnerable to local prejudice against nonresidents in the same way out-of-state litigants may be. *See e.g. Hertz Corp. v. Friend*, 559 U.S. 77, 85 (2010)(finding "diversity jurisdiction's basic rationale [was] opening the federal courts' doors to those who might otherwise suffer from local prejudice against out-of-state parties")(citing S. Rep. No. 530, 72d Cong., 1st Sess., 2, 4–7 (1932)); *see also Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361, 1369 (N.D. Ga. 2011)(concluding, after an

---

[14] *See supra* note 1.

VACATED PER ORDER #31

exhaustive review of removal statutes and the relevant legislative history, that "from the inception of the removal statute, a forum defendant has never been allowed to remove a diversity action."); *see also Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006)(finding Congress' general intent for allowing removal based on diversity jurisdiction is to protect out-of-state defendants from possible prejudices in state court); *see also* Judiciary Act of 1789, 1 Stat. 73, 79.

In its original form the rule created potential for abuse by plaintiffs, who could name an in-state defendant simply to prevent removal, without intending to prosecute the case against them. *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939). Thus, in 1948, Congress added the "properly joined and served" language "to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom the plaintiff does not intend to proceed," also known as a "fraudulently joined defendant." *Sullivan v. Novartis Pharm. Corp.*, 575 F. Supp. 2d 640, 645 (D.N.J. 2008) (referring to H.R. Rep. No. 3214 at A346 (1947)).

With the advent of electronic case filing—something the 1948 Congress could not have foreseen—forum defendants saw an opportunity to notice removal to federal court before any defendant had been served. When plaintiffs pushed back, these defendants began justifying the practice with the same arguments Defendant presents here, including that Congress implicitly sanctioned the practice by choosing to remain silent on the issue when passing the Federal Courts' Jurisdiction and Venue Clarification Act of 2011. *See* H.R. 394, 112th Cong. § 101-103 (2011-2012); *but see Breitweiser v. Chesapeake Energy Corp.*, NO. 3:15–CV–2043–B 2015, WL 6322625, at *5 (N.D. Tex. Oct. 20, 2015)(determining that Congress's failure to revisit the forum-defendant rule in the Federal Courts' Jurisdiction and Venue Clarification Act of 2011 is at best inconclusive regarding whether it sought to take a position on "snap removal"); *see also*

*Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353 n. 5 (1999)(noting that Congress did not intend to allow removal prior to service of the summons even though the defendant had received an electronic copy of the complaint via fax because "it is evident ... that Congress could not have foreseen the situation posed by this case" as there were no facsimile transmissions [at that time]); *see also Bowman v. PHH Mortg. Corp.*, 423 F. Supp. 3d 1286, 1292 (N.D. Ala. 2019) (citing *Sullivan*, 575 F. Supp. 2d at 645–46 (finding it would be "absurd" and "could not have been intended by Congress" to allow in-state defendants to remove based on "the timing of service")) .

Defendant's view not only ignores the existence of the pronoun "any," it also fails to consider the importance of purpose and history in statutory interpretation. Dkt. 24 at 9-10. The cases upon which Defendant relies similarly overlook the pronoun "any", and fail to consider the nuances in the purpose and history of the Forum Defendant Rule. *See e.g. Encompass*, 902 F.3d at 153 (concluding "Congress' inclusion of the phrase "properly joined and served" addresses a specific problem — fraudulent joinder by a plaintiff — with a bright-line rule."); *Gibbons*, 919 F.3d 706 (speculating that "Congress may well have adopted the 'properly joined and served' requirement in an attempt to both limit gamesmanship and provide a bright-line rule keyed on service, which is clearly more easily administered than a fact-specific inquiry into a plaintiff's intent or opportunity to actually serve a home-state defendant."); *Texas Brine*, 955 F.3d at 486 (dismissing plaintiff's purpose argument, and appearing to accept defendant's argument that "there is no meaningful legislative history of the 'properly joined and served' language).

In sum, this Court now joins the many other courts that have found "snap removal" is not consistent with the text, history, and purpose of the Forum Defendant Rule[15].

CONCLUSION

Plaintiff's Motion to Remand (Dkt. 19) is granted. This case is REMANDED to the King County Superior Court in Seattle, from where it was improperly removed.

Dated this 10th day of May, 2021.

_____
David W. Christel
United States Magistrate Judge

VACATED PER ORDER #31

---

[15] *See e.g., Phillips Constr., LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 548–556 (S.D. W. Va. 2015) (noting split of authority and holding removal by unserved forum defendants is barred by forum defendant rule, at least when all defendants are residents of forum state); *Little v. Wyndham Worldwide Operations, Inc.,* 251 F. Supp. 3d 1215, 1218–1223 (M.D. Tenn. 2017) (based on statutory scheme, court finds "permitting snap removals when a forum defendant is sued runs counter to the reasons underlying the forum defendant rule and is not a result Congress could have envisioned, let alone countenanced, when it enacted the rule to protect out of state defendants from local juries"); *Harrison v. Wright Med. Tech., Inc*., No. 2:14–cv–02739–JPM–cgc., 2015 WL 2213373 (W.D. Tenn. May 11, 2015) (collecting cases and holding that forum defendant may not avoid removal bar by filing for removal prior to service); *In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig*., No. 2:11-cv-2226 (E.D. Ky. July 17, 2012) (in state defendant cannot avoid statutory prohibition against removal by removing case before service); *Ethington v. General Elec. Co*., 575 F. Supp. 2d 855, 860–864 (N.D. Ohio 2008)(collecting cases); *Vivas v. Boeing Co*., 486 F. Supp. 2d 726, 734 (N.D. Ill. 2007) (allowing unserved forum defendant to remove diversity action would "frustrate the consistent efforts of both Congress and the courts to determine diversity jurisdiction based on the genuine interests of the parties to the controversy" and would "provide a vehicle for defendants to manipulate the operation of the removal statutes"); *Perez v. Forest Labs., Inc.,* 902 F. Supp. 2d 1238, 1242–1246 (E.D. Mo. 2012) (collecting cases, holding pre service removal is inconsistent with fundamental purposes of removal and forum defendant rule and violates that rule, disagreeing with district court decisions permitting removal); *Lozano v. CSM Bakery Prods. NA*, No. CV 16-05736 BRO (ASx), 2016 WL 5746339, at *4 (C.D. Cal. Sept. 30, 2016) (presence of unserved forum defendant rendered removal by out of state defendant improper); *United States Bank Nat'l Ass'n v. Martin*, No. 15–00061 DKW–BMK, 2015 WL 2227792 (D. Haw. Apr. 23, 2015) (forum defendant rule precluded removal by unserved forum defendant); *Lone Mt. Ranch, LLC v. Santa Fe Gold Corp*., 988 F. Supp. 2d 1263, 1266–1267 (D.N.M. 2013) (noting split of authority and holding that forum defendant rule bars removal even if resident defendant was not served prior to removal, at least as long as forum defendant was not fraudulently joined and plaintiff was not dilatory in serving forum defendant after removal notice was filed).